# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

*In re*: **K.F. and S.F.,**

**No. 15-0981** (Braxton County 15-JA-28 and 15-JA-29)

**FILED**

**May 23, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother L.E., by counsel Timothy V. Gentilozzi, appeals the Circuit Court of Braxton County's September 8, 2015, order terminating her parental and custodial rights to K.F. and S.F.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed its response in support of the circuit court's order and a supplemental response. The guardian ad litem, David Karickhoff, filed a response on behalf of the children in support of the circuit court's order and also filed a supplemental response. On appeal, petitioner alleges that the circuit court erred in denying her a post-adjudicatory improvement period.[2]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In March of 2015, the DHHR filed an abuse and neglect petition against petitioner that was subsequently amended several times. The various petitions alleged that petitioner abused K.F. and S.F. through inappropriate forms of discipline such as handcuffing the children by their arms and legs to a chair and "gagging" K.F. The petitions further alleged that petitioner used illegal drugs in the home. Thereafter, petitioner waived her right to a preliminary hearing

The circuit court held an adjudicatory hearing in April of 2015, during which it heard testimony from K.F. and S.F. According to the children, petitioner handcuffed them by their wrists and ankles on multiple occasions to a chair and/or each other and hit them with a leather

---

[1]This case originally concerned eight children. However, six of those children are not petitioner's biological children. As such, petitioner appeals only the rulings in regard to the children named herein, K.F. and S.F., and the Court addresses only these children in this memorandum decision.

[2]We note that West Virginia Code §§ 49-1-1 through 49-11-10 were repealed and recodified during the 2015 Regular Session of the West Virginia Legislature. The new enactment, West Virginia Code §§ 49-1-101 through 49-7-304, has minor stylistic changes and became effective ninety days after the February 19, 2015, approval date. In this memorandum decision, we apply the statutes as they existed during the pendency of the proceedings below.

belt as a form of discipline. The children also testified that petitioner allowed this type of discipline to occur in her presence and that she used illegal drugs. Lastly, K.F. testified that petitioner threatened her that it would be "a bad, bad day" if she told anyone about the discipline. By order entered August 25, 2015, the circuit court adjudicated petitioner as an "abusive and neglectful" parent[3] and K.F. and S.F. as abused and neglected children.[4]

In July of 2015, the circuit court held a dispositional hearing on the DHHR's motion to terminate petitioner's parental rights and petitioner's motion for a post-adjudicatory improvement period. In support of her motion, petitioner simply testified that she admitted to certain allegations in the petitions and was "willing to do whatever they want[ed] me to do." According to petitioner, she denied actually placing the handcuffs on the children. Contrary to petitioner's initial testimony, she rationalized her conduct by testifying that she was "trying a different tactic of discipline by retraining them." By order entered September 8, 2015, the circuit court denied petitioner's motion for a post-adjudicatory improvement period and terminated her parental rights. In denying her motion, the circuit court found that petitioner failed to meet her burden of proof, "failed to protect the children . . . fail[ed] to recognize the severity of the actions . . . [, and] fail[ed] to appreciate the willfulness of her actions." It is from this dispositional order that petitioner appeals.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

---

[3]While the circuit court adjudicated petitioner as an "abusive and neglectful" parent, we note that West Virginia Code § 49-1-3(2) defines an abusing parent as one "whose conduct, as alleged in the petition charging child abuse or neglect, has been adjudged by the court to constitute child abuse or neglect." As such, petitioner's acts of abuse and neglect classify her as an "abusing parent."

[4]We remind circuit courts that pursuant to Rule 27 of the Rules of Procedure for Child Abuse and Neglect Proceedings, "[t]he [circuit] court shall enter an order of adjudication, including findings of fact and conclusions of law, within ten (10) days of the conclusion of the hearing[.]"

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon review, we find no error in the circuit court's denial of petitioner's motion for a post-adjudicatory improvement period.

Petitioner argues that the circuit court erred in denying her motion for a post-adjudicatory improvement period because she has a strong bond with her children and testified that she was "willing to do whatever [the DHHR] want[ed] [her] to do." However, contrary to petitioner's argument, the record is clear that the circuit court did not err in denying petitioner's motion, as she failed to satisfy the necessary burden of proof. Pursuant to West Virginia Code § 49-4-610(2), circuit courts have discretion to grant an improvement period when the parent "demonstrates, by clear and convincing evidence, that the [parent] is likely to fully participate in the improvement period . . . ." The only evidence that petitioner was likely to fully participate in a post-adjudicatory improvement period was her own self-serving testimony.

Further, the evidence clearly established that petitioner failed to acknowledge any responsibility for the children's abuse or neglect in this matter. We have previously held that

> [i]n order to remedy the abuse and/or neglect problem, the problem must first be acknowledged. Failure to acknowledge the existence of the problem, i.e., the truth of the basic allegation pertaining to the alleged abuse and neglect or the perpetrator of said abuse and neglect, results in making the problem untreatable and in making an improvement period an exercise in futility at the child's expense.

*In re Timber M.*, 231 W.Va. 44, 55, 743 S.E.2d 352, 363 (2013) (quoting *In re: Charity H.*, 215 W.Va. 208, 217, 599 S.E.2d 631, 640 (2004)).

In the instant matter, it is clear that petitioner failed to acknowledge the existence of the conditions of abuse and neglect in the home. While petitioner argues that she "admitted to knowing about the use of handcuffs and acknowledged [that] their use . . . was improper" the circuit court specifically found that she was not credible or consistent in her testimony. The circuit court heard extensive testimony during the adjudicatory hearing that petitioner actively handcuffed K.F. and S.F. by their wrists and ankles and hit them with a leather belt as discipline. Moreover, petitioner's argument is in direct contradiction with her own dispositional testimony that she "was just trying a different tactic of discipline by restraining them." Ultimately, the circuit court found that petitioner failed to meet her burden of proof, "failed to protect the children . . . fail[ed] to recognize the severity of the actions . . . [, and] fail[ed] to appreciate the willfulness of her actions." Based on this evidence, it is clear that petitioner could not establish she was likely to fully participate in a post-adjudicatory improvement period, especially in light of her refusal to acknowledge the underlying conditions of abuse and neglect in the home. As such, we find no error in the circuit court denying petitioner's motion

For the foregoing reasons, we find no error in the decision of the circuit court and its September 8, 2015, order is hereby affirmed.

Affirmed.

3

**ISSUED**: May 23, 2016

**CONCURRED IN BY**:

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II